■ In the Matter of JOANNE DEVITO, Petitioner, v TERRY LE-ONE, as President of the Board of Education of Palmyra-Macedon Central School District, et al., Respondents. [639 NYS2d 223]

Memorandum: On September 30, 1994, petitioner was driving a school bus carrying about 35 children when she approached a railroad crossing in the Town of Palmyra. According to petitioner, she stopped the bus 35 feet from a double set of railroad tracks. After putting on the caution lights and looking both ways, petitioner proceeded toward the tracks and, as she did so, heard the alarm indicating that a train was approaching. The guard arm, which descended at the same time that the alarm went off, struck the roof of the bus. Petitioner stopped, looked in the rear-view mirror and saw the driver of the vehicle directly behind the bus motion to her to back up. Petitioner backed up several feet from the tracks and, approximately 30 seconds later, a train passed by.

Petitioner was charged with failing "to correctly approach and negotiate the crossing of a guarded rail road *[sic]* crossing when the signals and bells were initiated by the tripping of a rail road *[sic]* switch signaling the approach of a westbound freight train". In support of the charges, respondents presented two expert witnesses who testified that petitioner should have continued across the tracks, despite the fact that the alarm had sounded, and that petitioner should not have backed up without the aid of a spotter. Respondents also presented the testimony of an employee of Conrail who had tested the signal about two weeks after the incident. The witness testified that,

although the signal was working properly at that time, it was possible for the signal "to function properly on one date and not function another day".

Petitioner's account of the incident was not disputed. Additionally, a bus driver for another school district testified that she had encountered similar problems at the crossing and the transportation supervisor in that district testified that she had received complaints from bus drivers about the failure of the signal device on numerous occasions. The Hearing Officer found petitioner guilty of "incompetency and/or misconduct"; respondents accepted the Hearing Officer's findings and imposed a penalty of 20 days' suspension without pay. In our view, the determination is not supported by substantial evidence.

"[S]ubstantial evidence consists of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably—probatively and logically" (*300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 181). The fatal flaw in the Hearing Officer's determination here is a conclusion for which there is no proof in the record. The Hearing Officer concluded that the signal at the crossing was operating "within normal limits" on the day of the incident. Petitioner's testimony that the gate arm began descending at the same time that the alarm went off is undisputed and was corroborated by two other witnesses. The Conrail employee who tested the signal two weeks after the incident testified that, although the signal worked properly on the day he tested it, it was possible that the signal was not functioning properly on the day of the incident. Thus, the underlying premise for the Hearing Officer's determination has no support in the record.

With respect to the first alleged error in judgment, namely, petitioner's decision to stop the bus upon hearing the alarm, respondents' expert conceded that, once petitioner had stopped, it was safer not to cross the tracks. Significantly, Vehicle and Traffic Law § 1170 (b) prohibits a person from "driv[ing] * * * through, around, or under any crossing gate * * * at a railroad crossing while such gate * * * is being opened or closed". Thus, petitioner's decision to stop the bus and not cross the tracks was in accordance with the law. The second alleged error in judgment, namely, petitioner's decision to back away from the tracks, is governed by Vehicle and Traffic Law § 1211 (a). That section provides that a driver of a vehicle "shall not back the

same unless such movement can be made with safety and without interfering with other traffic". Petitioner testified that the driver in the vehicle immediately behind her motioned to her to move back, and she did so safely and without interfering with other traffic. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Steuben County, Purple, Jr., J.) Present—Denman, P. J., Lawton, Wesley, Doerr and Balio, JJ.